**JIN–HUI JIANG, aka Jin Hui Jiang, aka Jinhui Jiang, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 07–4253–ag.

United States Court of Appeals, Second Circuit.

Nov. 18, 2009.

**602**

Vincent Ieraci, Law Offices of Barra & Ieraci, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General; John C. Cunningham, Senior Litigation Counsel; Remi Adalemo, Atty., Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin–Hui Jiang, a native and citizen of the People's Republic of China, seeks review of a September 7, 2007 order of the BIA denying her motion to reopen. *In re Jin–Hui Jiang,* No. A077 293 772 (B.I.A. Sept. 7, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence

standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

The BIA did not err in denying Jiang's motion to reopen as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2). Jiang argues that the BIA erred in finding that she failed to produce evidence demonstrating either material changed country conditions excusing the applicable time and numerical limitations or her *prima facie* eligibility for relief. However, this argument fails because we have previously reviewed the BIA's consideration of evidence similar to that which Jiang submitted and have found no error in its conclusion that such evidence is insufficient to establish either material changed country conditions or a reasonable possibility of persecution. *See Jian Hui Shao,* 546 F.3d at 169–72 (noting that "[w]e do not ourselves attempt to resolve conflicts in record evidence, a task largely within the discretion of the agency"); *see also Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (noting that while the BIA must consider evidence such as "the oft-cited Aird affidavit, which [it] is asked to consider time and again[,] ... it may do so in summary fashion without a reviewing court presuming that it has abused its discretion").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).